UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

STEVEN FOURNEIR,

                             Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER CARLOS LOZADO,
SHIELD # 001174 AND N.Y.C. POLICE
OFFICERS "JOHN DOE (1) & (2)", EACH
SUED INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,

                             Defendants.

--------------------------------------------------------X

13-CV-3865 (ALC)

VERIFIED COMPLAINT AND DEMAND FOR A JURY TRIAL

1. This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and violation of New York State law, by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff is a resident of Westchester County, State of New York.

4. At all times hereinafter mentioned, the Defendant New York City Police Officers were

employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On or about October 3, 2012, at approximately 6:00 P.M., plaintiff was sitting in a vehicle with his friend, legally parked on 194th Street near Webster Avenue, in the Bronx.

10. His friend Gerald Burder was going to take him to the Metro-North train station at Fordham Road, but before they got a chance to pull out, the Defendant police officers pulled up in avan and confronted the two men.

11. The police asked Plaintiff and the driver what they were doing. Plaintiff explained he was getting a lift to the train station from Mr. Burder, but the police ordered them out of the vehicle.

12. Before the officers could search Plaintiff, he warned the officers not to put their hands in his pocket because he had a syringe there.

13. The officer told him to take it out and throw it on the ground.

14. A muscle-bound, Caucasian officer got in Plaintiff's face and said, "Look, if I get stuck, I'm gonna punch you in the face."

15. Plaintiff responded, "I just told you I have the needle…and I have a needle exchange card[1]…what's the problem?"

16. The police then proceeded to search Plaintiff and found no other contraband.

17. The police also searched the driver and a third individual, a Hispanic-looking man who was walking by at the time.

18. The Hispanic-looking man also had a syringe on him, but as he had a valid needle exchange card he was released.

19. The police, however, arrested Plaintiff, and told Plaintiff that he was not accepting his card.

20. Plaintiff and the driver were taken to the 52nd precinct, and upon being brought into the precinct the Caucasian officer stated that Plaintiff and the driver were to be strip-searched.

21. Plaintiff was strip-searched in the bathroom, but nothing was found.

22. After approximately 6-7 hours in custody, Plaintiff was released with a Desk Appearance Ticket, and was charged with the misdemeanor possession of a controlled substance.

23. On the scheduled court date, January 22, 2013, the District Attorney's office provided the Plaintiff with a Decline Prosecution letter, stating that the police had failed to forward the arrest paperwork to its office.

24. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise

---

[1] Under the terms of the Needle Exchange Program, an individual who is in possession of a syringe, even if it has drug residue, is not to be arrested if he possesses a valid needle exchange card.

3

commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

25. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

26. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

27. On January 25, 2013, a Notice of Claim was served upon the Defendant New York City, setting forth:

> a) The name and post office address of the Claimant and his attorney;
> b) The nature of the claim;
> c) The time when, the place where, and the manner in which the claim arose;
> d) The items of damages and injuries sustained so far as practicable.

28. The Notice of Claim was served upon the Defendant within 90 days after Plaintiff's cause of action accrued.

29. Plaintiff's 50-H deposition was conducted on March 21, 2013.

30. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

31. This action has been commenced within one year and 90 days after Plaintiff's cause of action accrued.

32. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

### FIRST CAUSE OF ACTION FOR FALSE ARREST

33. Plaintiff reiterates and realleges the facts stated in paragraphs 1-32 as if stated fully herein.

34. As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

35. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

36. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

### SECOND CAUSE OF ACTION FOR 'MONELL VIOLATION"

37. Plaintiff reiterates and realleges the facts stated in paragraphs 1-26 as if stated fully herein.

38. Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain. As such, defendants have violated plaintiff's right to freedom from the use of excessive and unreasonable force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

39. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

<u>THIRD CAUSE OF ACTION FOR INVASION OF PRIVACY</u>

(STRIP-SEARCH)

40. Plaintiff reiterates and realleges the facts stated in paragraphs 1-39 as if stated fully herein.

41. The strip-search of plaintiff, which involved requiring him to pull down his pants, bend over and spread his cheeks, was a violation of plaintiff's privacy rights as guaranteed by the Fourth Amendment to the United States Constitution.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR**
**<u>ABUSE OF PROCESS AND MALICIOUS PROSECUTION</u>**

42. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

43. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

44. As a result of said abuse of process and malicious prosecution, plaintiff was compelled to come to court. On or about January 22, 2013, the criminal charge was dismissed.

45. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 USC § 1983; and,

2. Enter a judgment, jointly and severally, against defendants for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendants for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       June 4, 2013

**RESPECTFULLY,**

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
June 4, 2013

_____
STEVEN A. HOFFNER, Esq.
(SH-0585)

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

STEVEN FOURNEIR,

                       Plaintiff,         VERIFIED
                                          COMPLAINT
   -against-                       AND DEMAND FOR
                                          <u>A JURY TRIAL</u>

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER CARLOS LOZADO,
SHIELD # 001174 AND N.Y.C. POLICE
OFFICERS "JOHN DOE (1) & (2)", EACH
SUED INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,

                       Defendants.

-----------------------------------------------------X

Steven Hoffner, Esq.
325 Broadway, Suite 505
New York, New York 10007

9